IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff*,

v.

                                Civ. No. 04-949 WJ/ACT

2003 CADILLAC ESCALADE,
VIN 1GYEK63N03R177572,

    *Defendant,*

    and

JORGE TORRES-LARANEGA, ANGELICA RAMIREZ, AURORA RAMIREZ AND SIMON MATA,

    *Claimants.*

## PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

THE UNITED STATES OF AMERICA, by and through David C. Iglesias, United States Attorney for the District of New Mexico, and Richard C. Williams, Assistant United States Attorney for said District, submits its Proposed Findings of Fact and Conclusions of Law.

## Findings of Fact

1. Claimant cannot identify the name, address, occupation or whereabouts of the alleged seller of the Defendant Vehicle.

2. Claimant has no contemporaneous documentation relating to the source of all of his alleged purchase money for the Defendant Vehicle.

3. The alleged seller of the Defendant Vehicle never gave Claimant a certificate of title with the name of the alleged seller designated in it.

4. Claimant obtained insurance on the Defendant Vehicle on December 12,

2003.

5. Claimant applied for title of the Defendant Vehicle on December 16, 2003, at which time it had license plate no. V01DHC.

6. Claimant took the Defendant Vehicle to the Bravo Cadillac dealership in El Paso on December 17, 2003.

7. A cash withdrawal of $25,002.00, alleged by Claimant to be part of the purchase money, was made on December 19, 2003.

8. Title of the Defendant Vehicle was issued with Claimant as owner on December 31, 2003, at which time it had license plate no. W07WNM.

## Conclusions of Law

1. The Defendant Vehicle is subject to forfeiture to the United States because it was used to facilitate a drug trafficking offense.

2. Claimant's alleged purchase of the Defendant Vehicle did not affect the forfeiture rights of the United States because Claimant's alleged purchase did not comply with the Texas Certificate of Title Act in that the owner designated in the certificate of title did not transfer the certificate of title at the time of the sale.

3. Claimant cannot establish by a preponderance of the evidence that, at the time of his alleged purchase, he did not know and was reasonably without cause to believe that the Defendant Vehicle was subject to forfeiture.

DAVID C. IGLESIAS

                United States Attorney

                By:  ***electronically filed by***
                RICHARD C. WILLIAMS
                Assistant U.S. Attorney
                555 S. Telshor, Suite 300
                State National Bank Building
                Las Cruces, NM  88011
                Telephone: (505) 522-2304
                FAX: (505) 522-2391

I hereby certify that a copy of
the foregoing was faxed to
Michael Heiskell, this 11th day of March 2005.

      /S/
RICHARD C. WILLIAMS
Assistant U.S. Attorney
N:\MHales\Forfeiture\2003 Cadillac Escalade\findings.wpd