**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

FILED
05 MAR 22 AM 11: 25
CLERK-ALBUQUERQUE

UNITED STATES OF AMERICA,

Plaintiff,

v.

**Civ. No.** 04-949 LH/ACT

2003 CADILLAC ESCALADE,
VIN 1GYEK63N03R177572

Defendant,

and

JORGE TORRES-LARENEGA,
ANGELICA RAMIREZ, AURORA
RAMIREZ, AND SIMON MATA,

Claimants.

## CLAIMANT'S PROPOSED
## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The above-captioned cause came on for trial before the Court without a jury on March 14, 2005. All parties and their attorneys were present. After considering the pleadings, the evidence, the argument and briefs from counsel, the Court makes its findings of fact and conclusions of law as follows:

### FINDINGS OF FACT

1. In December 2003, Claimant agreed to purchase defendant vehicle, a 2003 Cadillac Escalade, VIN #1GYEK63N03R177572, from Seller in Juarez, Mexico for $39,000.

2. Claimant's purchase was contingent on being able to take the vehicle to El Paso, Texas to have it checked out.



3. Claimant was given the title to defendant vehicle by seller to have it checked out.

4. Claimant took the title to the county tax office on Zaragoza Avenue in El Paso at the suggestion of the Texas Department of Public Safety.

5. An employee of the county tax office checked the registration and advised claimant there were no issues whatsoever with the vehicle.

6. Claimant then took defendant vehicle to Bravo Cadillac on Montana Avenue and asked them to check to make sure that nothing was wrong with it.

7. Employees at Bravo Cadillac informed claimant that nothing was wrong with the vehicle and that they would certify it for him.

8. Claimant paid seller $39,000 gathered from the insurance proceeds from the theft of his 2002 Cadillac Escalade in October 2003 coupled with money from the sale of a motorcycle.

9. On or about December 31, 2003, Mr. Mata had the title to defendant vehicle transferred to his name.

10. Approximately four months later, the defendant vehicle was seized by the government from claimant's home for allegedly being used, prior to claimant's purchase, by members of an organization in connection with drug trafficking.

## CONCLUSIONS OF LAW

1. Defendant vehicle was subject to civil forfeiture pursuant to 21 U.S.C. § 881(4) and/or (6).

2.      In December 2003, Claimant validly purchased defendant vehicle for $39,000, acquiring an ownership interest in it.

3.      Claimant's ownership interest in defendant vehicle arose after the conduct giving rise to the forfeiture had taken place.

4.      On or about December 31, 2003, defendant vehicle was titled in claimant's name.

5.      At the time claimant acquired the interest in defendant vehicle, he was a bona fide purchaser for value and did not know and was reasonably without cause to believe that the property was subject to forfeiture.

6.      Claimant is an innocent owner as defined in 18 U.S.C. § 983(d).

7.      Defendant vehicle should not be forfeited.

SIGNED this _____ day of _____, 2005.



_____
JUDGE PRESIDING

## Certificate of Service

I hereby certify that on this 9th day of March 2005, a true and correct copy of the foregoing was mailed via first class mail to counsel of record for the United States.

_____
Michael Heiskell