IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                    No. CIV 04-949 ACT/RLP
                                                      consolidated with
                                                      No. CIV 04-1375 ACT/RLP

2003 CADILLAC ESCALADE
VIN#1GYEK63N03R177572,

    Defendant,

and

SIMON MATA IV,

    Claimant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

THIS MATTER came before the Court on a bench trial on Monday, March 14, 2005 in Las Cruces before Magistrate Judge Alan C. Torgerson. Plaintiff the United States of America and Claimant Simon Mata IV were both present and represented by counsel. The Court heard the testimony of witnesses and the parties, reviewed the exhibits accepted into evidence, heard the arguments of counsel at trial, and reviewed the trial briefs and accompanying authorities. The Court now makes the following Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

1. The parties stipulate that the Defendant vehicle, a 2003 Cadillac Escalade, VIN #1GYEK63N03R177572, had been used to facilitate drug activity in a drug trafficking organization in the summer of 2003.

2. The parties stipulate that the 2003 Cadillac Escalade was subject to civil forfeiture by the Plaintiff under 21 U.S.C. §881(a)(4).

3. In December, 2003, Claimant Simon Mata IV, a resident of El Paso, Texas and a United States citizen, agreed to purchase the used 2003 Cadillac Escalade, VIN #1GYEK63N03R177572, from a man, who was accompanied by a woman, in Juarez, Mexico. The agreed upon sales price was $39,000.

4. On December 15, 2003, the 2003 Cadillac was delivered to Mata in Juarez, Mexico together with the title to the car. The title certificate, issued by the state of Texas, was in the name of Angelica Ramirez and was endorsed with the name of Angelica Ramirez on the back of the title certificate. Mata drove the car to El Paso, Texas.

5. Mata called the Texas Department of Public Safety in El Paso to check on the title. The Department advised Mata to take the title to the county tax office which he did. The county tax office checked the title certificate to the 2003 Cadillac and advised Mata that they found no adverse records concerning that title.

6. On or about December 16, 2003, Mata arranged to have a friend in the wholesale automobile business apply for a new certificate of title from the State of Texas in Mata's name. A Title Application Receipt was issued in the name of Simon Mata IV on December 16, 2003 showing the purchase price of $39,000 and the previous owner's name. The Texas Certificate of

2

Title for the 2003 Cadillac was issued in the name of Simon Mata IV on December 31, 2003.

7.  On December 17, 2003, Mata took the car to a local El Paso Cadillac dealership and had the car inspected and serviced. Mata also purchased insurance on the car.

8.  Mata called his friend Raul in Juarez, Mexico who had introduced him to the seller of the car to find out in whose name the cashier's check for the purchase price of the car should be made. Raul, whose last name Mata does not know, told him the seller preferred cash because U.S. checks were difficult to cash in Mexico. Mata declined to carry cash across the border to Mexico so Raul sent his brother to Mata to collect the purchase price in cash.

9.  Mata made a cash withdrawal of part of the purchase price from his local credit union on December 19, 2003. Mata had earlier made a deposit in his local credit union of insurance proceeds from a car that Mata had previously owned that had been stolen. Another portion of the cash used for the purchase price came from the sale of a motorcycle previously owned by Mata. Mata testified that he sometimes kept cash in his home in a safe.

10. Mata paid the purchase price of the car in cash to Raul's brother. The transaction took place in El Paso, Texas.

11. The VIN number of the 2003 Cadillac was entered into a Federal Bureau of Investigation lookout list in September, 2003, because the FBI had information that the car had been used in the transport of drugs interstate.

12. In March, 2004, during a routine check of registered cars by Texas law enforcement officers, the 2003 Cadillac came up as registered to Simon Mata IV at his home address in El Paso, Texas.

13. On March 17, 2004, two Texas Department of Safety officers went to Mata's home

address and found the 2003 Cadillac parked in the driveway. They verified that the VIN number on the car was the same as the one on the FBI lookout list and called the local FBI office.

14. Mata was out of town but construction workers at his home were able to contact him. Sergeant Lozano of the Texas Department of Safety talked to Mata and explained that the car was going to be seized. The FBI seized the car.

15. Mata had no knowledge, prior to his phone calls with the officers with the Texas Department of Safety and the FBI agents on March 17, 2004, that the 2003 Cadillac had been used to facilitate drug activity.

## CONCLUSIONS OF LAW

1. The Defendant vehicle, the 2003 Cadillac Escalade VIN#1GYEK63N03R177572, was subject to civil forfeiture under 21 U.S.C. § 881(4).

2. If an owner can prove by a preponderance of the evidence that he is an innocent owner, as defined in 18 U.S.C. § 983(d), his or her interest in the property will not be forfeited under any civil forfeiture statute. 18 U.S.C. § 983(d).

3. An innocent owner who acquired the property interest after the conduct which gives rise to the civil forfeiture must prove that, at the time the owner acquired the interest in the property,

    (i) he was a bona fide purchase for value, and

    (ii) he did not know and was reasonably without cause to believe that the property was subject to forfeiture. 18 U.S.C. § 983 (d)(3)(A). The innocent owner's burden of proof is by a preponderance of the evidence.

4

4. The federal statute clarifying the innocent purchaser doctrine, for purposes of federal civil forfeiture statutes, defines "innocent purchaser" but does not define "bona fide purchaser for value". Under the case law relevant to the previous civil forfeiture statutes, terms or rights not defined by the previous statute were defined by reference to the law of the state in which the transactions took place or the property was situated. *United States v. Harris*, 246 F. 3d 566, 571 (6th Cir. 2001).

5. While transactions involving the car took place in Mexico and Texas, the actual purchase of the car took place in El Paso, Texas. The car was also titled at all times in Texas and Mata garaged the car in Texas. The state law of Texas will apply when the terms used in the federal civil forfeiture statue involving innocent purchasers are undefined.

6. In Texas, the sales of motor vehicles are regulated by the Texas Certificate of Title Act, Texas Transportation Code §501.001 *et seq.* Texas courts, interpreting the Act, have held that a purchaser may presume ownership from a seller who has in his possession a certificate of title. "The purchase of an automobile under an original certificate of title from one in possession of the vehicle is entitled to rely on these indicia of ownership by the seller." *South Texas Bank v. Renteria*, 523 S. W.2d 780, 785 (Tex. Civ. App. – Corpus Christi 1975, no writ). The prudent purchaser, while cautioned to look to the whole context of the sale, is not under a duty in these circumstances to look further. *See, Thompson v. Apollo Paint & Body Shop*, 768 S.W. 2d 373, 377 (Ct. App. Tex., Houston, 1989).

7. Because Mata received an original certificate of title, in a female's name with the female's name endorsed on the back, from a man in possession of the car with a female present and sitting in the car, Mata was entitled to rely on these indicia of ownership by the seller(s) of the

Defendant vehicle. Mata was under no duty to inquire further. Upon the issuance of the certificate of title from the State of Texas in his own name, Mata became a lawful, registered owner of the Defendant vehicle.

8.  Under Texas law, a bona fide purchaser is "one who buys property in good faith for valuable consideration and without knowledge, actual or imputed of outstanding claims in a third party or parties." *Thompson v. Apollo Paint & Body Shop,* 768 S.W. 2d 373, 377 (Ct. App. Tex., Houston, 1989)

9.  Mata bought the car in good faith, for a valuable consideration and had no knowledge, either actual or imputed, of any outstanding claims of the United State government or any other third party. Mata was a bona fide purchaser of the Defendant vehicle under Texas law.

10. Mata testified that he was without knowledge of any prior history of the car or that it had been used in the interstate transportation of illegal drugs and did not know that the Defendant vehicle was subject to civil forfeiture by the United States. Nor did Mata have any reason to believe that the Defendant vehicle was subject to forfeiture.

11. Mata has proven, by a preponderance of the evidence, that he did not know and was reasonably without cause to believe that the property was subject to forfeiture.

12. Claimant Simon Mata IV has proven that he is an innocent purchaser of the Defendant vehicle in accordance with 18 U.S.C. § 983 (d)(3)(A) and is entitled to have the Defendant vehicle returned to him forthwith.

The Claimant Simon Mata IV is directed to file his request for attorney's fees and costs within twenty (20) days of the filing of this Order. Plaintiff, the United States of America, may

respond with any objections within ten (10) days of the Claimant's filing.

Judgment will be entered after the Court has made its ruling on the Claimant's request for attorney's fees and costs.

IT IS SO ORDERED.

_____
ALAN C. TORGERSON
UNITED STATES MAGISTRATE JUDGE